UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| JAMES L. SPURGEON III, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.   3:17-CV-304-TAV-DCP |
| | ) | |
| MONROE COUNTY SHERIFF'S DEPARTMENT/JAIL, | ) ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM OPINION AND ORDER**

Plaintiff's pro se complaint, filed pursuant to 42 U.S.C. § 1983, is before the Court for screening pursuant to the Prison Litigation Reform Act ("PLRA").

## I.     SCREENING STANDARD

Under the PLRA, district courts must screen prisoner complaints and *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915(A); *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and in *Bell Atl. Corp. v. Twombly*, 550 U.S. 554 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual

matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Courts liberally construe pro se pleadings filed in civil rights cases and hold them to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Allegations that give rise to a mere possibility that a plaintiff might later establish undisclosed facts supporting recovery are not well-pled and do not state a plausible claim, however. *Twombly*, 550 U.S. at 555, 570. Further, formulaic and conclusory recitations of the elements of a claim which are not supported by specific facts are insufficient to state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009).

To state a claim under 42 U.S.C. § 1983, a plaintiff must establish that he was deprived of a federal right by a person acting under color of state law. *Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) (stating that "Section 1983 . . . creates a right of action for the vindication of constitutional guarantees found elsewhere").

## II. PLAINTIFF'S ALLEGATIONS

Plaintiff alleges that he was housed at the Monroe County Jail from October 25, 2015, until May 25, 2016 [Doc. 1 p. 1]. Thereafter, he was housed at the Blount County Jail until June 6, 2016 [*Id*. p. 5]. Plaintiff maintains that the conditions at the Monroe County Jail and Blount County Jail were unsanitary, and that he had mold in his cell [Doc. 1 p. 1]. Shortly after his release, Plaintiff became sick and had to undergo surgery for a collapsed lung, a heart infection, and kidney failure [*Id*. p. 2]. Plaintiff asserts that his

2

physician advised him that his illness was caused by group A Strep, which he likely caught while incarcerated [*Id.*].

### III. DISCUSSION

Construing Plaintiff's complaint liberally and accepting his allegations as true, the Court finds that Plaintiff may, after an opportunity to conduct discovery, be able to state a viable claim for unconstitutional conditions of confinement. However, neither sheriff's offices nor jails are entities subject to suit under § 1983. *See Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994) (holding that a county police department was not an entity which may be sued). Because Plaintiff's complaint allows the Court to plausibly infer that the Monroe and/or Blount County Jails subjected him to constitutionally inadequate living conditions due to a custom or policy, however, the Court will liberally construe his claim as against Monroe County and Blount County and allow this case to proceed against those Defendants.

### IV. CONCLUSION

For the reasons set forth above:

1. The Clerk is **DIRECTED** to terminate Defendant Monroe County Sheriff's Department/Jail and substitute Monroe County as a Defendant in this matter;

2. The Clerk is **DIRECTED** to add Blount County as a Defendant in this matter;

3. The Clerk is hereby **DIRECTED** to send Plaintiff a service packet (a blank summons and USM 285 form) for all Defendants;

4. Plaintiff is **ORDERED** to complete the service packets and return them to the Clerk's Office within thirty (30) days of entry of this memorandum and

order. At that time, the summonses will be signed and sealed by the Clerk and forwarded to the U.S. Marshal for service pursuant to Fed. R. Civ. P. 4;

5. Plaintiff is **NOTIFIED** that failure to return the completed service packets within the time required may result in dismissal of this action for want of prosecution and/or failure to follow Court orders;

6. Defendants shall answer or otherwise respond to the complaint and within twenty-one (21) days from the date of service. If any Defendant fails to timely respond to the complaint, any such failure may result in entry of judgment by default; and

7. Plaintiff is **ORDERED** to immediately inform the Court and Defendants or their counsel of record of any address changes in writing. Pursuant to Local Rule 83.13, it is the duty of a pro se party to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. E.D. Tenn. L.R. 83.13. Failure to provide a correct address to this Court within fourteen days of any change in address may result in the dismissal of this action.

**ENTER:**

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE